UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 0 4 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| MING LIN, ET AL | * |
| | * |
| VS | *   C.A. B91 190 |
| | * |
| TAIWAN SHRIMP FARM | * |
| DEVELOPMENT, INC., ET AL | * |

## MEMORANDUM OPINION AND ORDER ON MOTION OF DEFENDANT GEE FOR SUMMARY JUDGMENT

On December 10, 1996, Defendant HARRY GEE, JR., filed a Motion for Summary Judgment as to all claims filed against him in this action (Docket Entry No. 192). It is supported by his 20-page affidavit essentially denying any and all factual allegations made against him. He did this by indicating he had no role in nor did he participate in any way in any of the conduct which constituted the causes of action alleged in the Amended Complaint. He indicated that while he may have had some legal participation in seeking visas for some of the Plaintiffs, and he may have done some legal work for the Defendant corporations, none of that legal work related in any way to the conduct of the corporations which form

2

the bases of the causes of action asserted by Plaintiffs. In essence, it is a negative affidavit denying cause-of-action creating conduct.

As noted by the Defendant GEE, normally in a summary judgment motion context, this puts the Plaintiffs in a position of putting forth facts supported by affidavit or the equivalent which are sufficient to create a factual issue as to Defendant GEE's participation either directly or as a knowing aider and abetter in the actionable conduct for which Plaintiffs are seeking relief.

Under these circumstances, a judicial officer needs only to look to Plaintiffs' response to Defendant GEE'S "deny all" affidavit to determine if the response creates the necessary factual issues.

A very close examination of the Plaintiffs' opposition to the motion convinces the Court that the Plaintiffs' factual responses and Defendant GEE's affidavit do not create a factual issue as to Defendant GEE's liability to Plaintiffs on any count of the Amended Complaint.[1]

---

[1] Plaintiffs are correct that Defendant GEE's characterization of Plaintiffs' claims against him as claims of negligence is erroneous. Nevertheless, Plaintiffs' responses to Defendant GEE's motion do not create a factual issue as to any of the claims that are asserted.

3

The matter would normally end here with the granting of Defendant GEE's motion but for Plaintiffs' claims in their response to the summary judgment motion that they have been denied discovery by the cancellation of the previously noticed discovery deposition of Defendant TAO and Herbert Gee, an attorney employed by Defendant GEE. Plaintiffs claim that they should be entitled to further respond to Defendant GEE's motion after the Court has determined whether certain communications between Defendant GEE and other Defendants are privileged and until the deposition of Defendant GEE, witness Herbert Gee, and Defendant CHI MING TAO are taken.

Under most circumstances, the answer to such a summary judgment motion can and should be deferred until appropriate discovery is taken (and discoverability of claimed privileged materials has been determined), Rule 56(f), F.R.Civ.Proc. The issue in this context brings the Court face to face with the application of Rule 11, F.R.Civ.Proc., which provides that a party submitting a pleading represents to the Court and certifies that to the "best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances... (3) the allegation and other factual contentions have evidentiary support, or if specifically so identified, are likely to have

4

evidentiary support after a reasonable opportunity for further investigation or discovery..." Rule 11(b)(3).

It is clear that in responding to Defendant GEE's motion, Plaintiffs did not assert evidentiary support for their factual allegations. It is also clear that they did not identify any claims which are likely to be supported after further investigation or discovery. So a violation of Rule 11 is likely and is not avoided by the fact that judgments may be authorized against parties other than Defendant GEE. It is the allegations as to GEE that the violations appear to occur.

In order to be fair to the Plaintiffs, the Court will direct Plaintiffs to show cause in writing, within 15 days of the date hereof, why they should not be held in violation of Rule 11 for the allegations of the Complaint and the Amended Complaint.

And in addition, Defendant TAO shall submit himself to Plaintiffs for discovery deposition and Plaintiffs may depose Herbert Gee. This must to be done within 30 days from the date hereof.

In addition, Defendant GEE shall submit to the Court the matters which he claims are privileged with the basis for the claim of privilege as to each separate item claimed. This should be done within 15 days from the date hereof.

5

In the event Plaintiffs decide to discontinue this action against Defendant GEE, the order to show cause will be vacated as well as the balance of the orders contained herein.

**SO ORDERED.**

Done at Brownsville, Texas, this __23ʳᵈ__ day of December, 1998.

_____ 12/23/98
Stewart D. Newblatt
United States District Judge

*Acting at assignment*