lmv

209

United States District Court
Southern District of Texas
ENTERED

JAN 0 4 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MING LIN, ET AL                 *
                                *
    VS                          *   C.A. B91 190
                                *
TAIWAN SHRIMP FARM               *
DEVELOPMENT, INC., ET AL         *

## MEMORANDUM OPINION AND ORDER

Defendant HARRY GEE, JR., has two discovery motions before the Court, both of which have been answered by Plaintiffs. The motions are:

    1.  (Docket Entry No. 193)
        Motion to Dismiss Claims of Certain Plaintiffs for Failure to Comply with Discovery Orders, and

    2.  (Docket Entry No. 194)
        Motion to Compel Discovery Responses from Plaintiffs.

The first motion is based on the failure of 16 Plaintiffs to appear for depositions in Houston, Texas, after being so ordered by the Court. At the schedules depositions, Plaintiffs claimed it was too expensive to appear and because of Chinese to English and

2

English to Chinese translations, interpretations would be difficult. Therefore, Plaintiffs' claim the information should be given by answers to written interrogatories.

Plaintiffs have responded (Docket Entry No. 196) to this motion essentially asking that depositions upon written interrogatories be substituted for oral deposition discovery to save expense and avoid translation problems. Plaintiffs, however, do not say how this eliminates translation problems. Plaintiffs also assert that the depositions of these 16 Plaintiffs would "be substantially the same except for dates, amounts of investments and land descriptions" as the 2 Plaintiffs whose depositions had been taken. In short, Plaintiffs have failed to explain why they did not comply with the order of the Court to submit to discovery. They act as if the order had not been entered and/or if they were opposing the entry of the order.

This takes us to the matter of Defendant GEE's second discovery motion which is to compel responses from Plaintiffs to written interrogatories and requests for document production. While written interrogatories are Plaintiffs' preferred method of producing discovery according to their answer to the first motion,

3

they failed to provide such answers. Plaintiffs' answer (Docket Entry No. 199) to this motion claims that the information GEE seeks is in the affidavit provided by each Plaintiff in support of each Plaintiff's motion for summary judgment. As a further answer, Plaintiffs refer to "the four-volume transcript of testimony and exhibits thereto resulting from the evidentiary hearing" conducted before the Magistrate Judge in January 1992.

The Plaintiffs' position on these motions is patently disingenuous. They say the discovery should be by written interrogatories rather than deposition, and in response to the interrogatories, object thereto claiming the interrogatory is "unduly burdensome and harassing in that the defendant seeking a statement of fact from the Plaintiff as a substitute for taking the Plaintiff's deposition."

It is apparent that Defendant GEE is seeking to discover from Plaintiffs what facts they have of their own personal knowledge which would permit them to hold Defendant GEE responsible for the conduct of CHI MING TAO and the other Defendants.

This is standard discovery sought by a defendant in a multi-defendant case. What facts do the Plaintiffs know which impose

4

liability on Defendant GEE for the conduct of other parties? It is totally insufficient to rely on the affidavits of the Plaintiffs in support of their summary judgment motions against other Defendants to support a claim against GEE who, to a large extent, was not factually implicated in Plaintiffs' affidavits in support of their motions.

The following interrogatories should have been answered long ago by Plaintiffs: 5, 6, 8, 9, 10, 11, 14, 16, and 19. As noted in another opinion recently entered in this case, Defendant GEE has filed an affidavit in support of his summary judgment motion in effect denying participation in any of the conduct alleged against the other Defendants. This compelled the Defendants to come forth in response to that motion with factual information tying Defendant GEE into the conduct alleged in the complaint. Plaintiffs have failed to do so.

Here in these motions Defendant GEE is again seeking, by way of way of discovery, what factual information Plaintiffs have by which to implicate him and hold him responsible for the conduct of others alleged in the complaint.

5

It is time Plaintiffs face the music and provide such factual data under oath or the equivalent, dismiss this complaint and/or be prepared for the entry of a summary judgment against them on Defendant GEE's motion.

Plaintiffs shall answer the interrogatories enumerated fully within 30 days from and after today.

**SO ORDERED.**

DONE at Brownsville, Texas, this 30th day of December, 1998.

_____  12/30/98
Stewart A. Newblatt
United States District Judge

ACTING ON ASSIGNMENT